PER CURIAM.
Upon a complaint by The Florida Bar this Court appointed a referee to conduct a hearing regarding Denker’s alleged misconduct. Denker tendered a conditional guilty plea for consent judgment,* acknowledging his violation of article XI, Rule 11.02(3)(a) and (b) of the Integration Rule of The Florida Bar and Disciplinary Rules 1-102(A)(3), 1-102(A)(4), 1-102(A)(6), 7-102(A)(7) and 7-102(A)(3) of the Code of Professional Responsibility. The referee recommended that Denker be found guilty in accordance with his conditional plea and that he be suspended from practicing law in the State of Florida for a period of one year, with proof of rehabilitation required before being reinstated, in accordance with The Florida Bar Integration Rule, article XI, Rule 11.11. The referee further recommended that respondent’s suspension should be effective September 10, 1985, thereby giving respondent the opportunity to complete the representation of those persons charged with criminal offenses whom he is presently representing, and to protect the interests of those clients.
Neither side contests the referee’s report which we hereby adopt. Accordingly, Mitchell Denker is hereby suspended from the practice of law for a period of one year effective, nunc pro tunc, September 10, 1985, with proof of rehabilitation required before being reinstated. Respondent shall not accept any new business.
Judgment for costs in the amount of $1,566.09 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, McDONALD and SHAW, JJ., concur.
EHRLICH, J., dissents.

 We feel it unnecessary to publish the full text of the plea. The Court file is open for inspection. In a separate criminal action, respondent pled nolo contendré to, and was convicted of, violating Florida Statutes 838.015 and 777.04(4)(d) (Solicitation of a Bribe).